UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-20295-Cr-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA

vs.

ARASHIO HARRIS,

        Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida ("this Office") and the defendant, ARASHIO HARRIS, enter into the following agreement:

1. Pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, the defendant agrees to waive indictment and to plead guilty to a one-count Information which charges him with wire fraud, in violation of Title 18, United States Code, Section 1343.

2. The defendant is aware that his sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the

Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years followed by a term of supervised release of up to 5 years, a fine of up to $250,000, and may order forfeiture and restitution. The Court also must impose a special assessment in the amount of $100, and the defendant agrees to pay the special assessment imposed at the time of sentencing.

4. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time

of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office however, will not be required to make this recommendation (or any agreed recommendation contained within this plea agreement) if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) attempts to withdraw his plea of guilty prior to sentencing.

6. The defendant agrees that he will resign from his position with the Miami-Dade Corrections and Rehabilitation Department and surrender any and all correctional officer certifications that he maintains prior to sentencing, and will not seek reinstatement of those certifications or otherwise seek employment as a correctional officer or law enforcement officer in the future.

7. This Office and the defendant agree that, although not binding on the Court or the probation office, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed: (a) the applicable Sentencing Guidelines section for the offense is Section 2B1.1; (b) pursuant to Section 2B1.1(a)(1),

the applicable base offense level is 7; (c) the loss in this case was more than $250,000 and less than $550,000, and as a result, pursuant to Section 2B1.1(b)(1)(G), the defendant's offense level should be increased by 12, resulting in a total offense level of 19 before any reduction for acceptance of responsibility; and (d) assuming the defendant is found to qualify for Criminal History Category I, satisfies all the requirements of paragraph 5 of this Plea Agreement, and earns the full three-level reduction for acceptance of responsibility, the parties agree that the defendant's final offense level should be Level 16, with an advisory Guidelines sentencing range of 21-27 months in prison.

8. Although not binding on the Court or the probation office, this Office agrees that if the defendant satisfies all of the requirements set out in Paragraph 5 for this Office to recommend the full three-level reduction for acceptance of responsibility, then this Office will, after full consideration of the facts and circumstances of this case in light of the advisory Sentencing Guidelines range and the factors set out in 18 U.S.C. § 3553(a), recommend that the defendant be sentenced at the low end of the 21-27 month sentencing range that is jointly recommended in Paragraph 7 of this Plea Agreement. In addition, although the parties are jointly recommending the advisory Guidelines sentencing range of 21-27 months imprisonment, the parties further agree that if the defendant earns the full three-level reduction for acceptance of responsibility, then the defendant will retain the right to seek a downward variance from the jointly recommended 21-27 month advisory Guidelines sentencing range set out in Paragraph 7 of this Plea Agreement.

9. This Office and the defendant further agree that this Office will not object to the defendant's request for a downward variance of two levels from the jointly

recommended final offense level of 16 and advisory Guideline range of 21-27 months to an advisory Guideline range of 15-21 months based solely on the proposed Guideline amendment "Part C – Adjustment for Certain Zero-Point Offenders" (U.S.S.G. § 4C1.1) so long as the defendant meets all of the criteria set forth under the proposed amendment. In exchange, the defendant expressly agrees that he will not later seek a further sentence reduction under this provision once the proposed amendment is enacted. This Office remains free to oppose a variance sought on any other grounds. The defendant understands and agrees that this provision is not binding on the Court or the Probation Office, and that the Court remains free to deny any variance requested by either party or jointly.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and this Office.

11. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, all right, title and interest to any property,

5

real or personal, which constitutes proceeds traceable to the offense of conviction pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c). The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. The defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. The defendant also understands and acknowledges that the Court must order restitution for the full amount of the victim's losses pursuant to 18 U.S.C. Section 3663A.

14. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the

sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has

(remainder of page intentionally left blank)

discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

15. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 8/9/2023         By: _____
                           Edward N. Stamm
                           Assistant United States Attorney

Date: 8/9/23           By: _____
                           Mark Eiglarsh, Esq.
                           Attorney for Defendant

Date: 8/9/23           By: _____
                           Arashio Harris
                           Defendant